**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Cassandra Phillips, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 0:19-cv-03433-JMC |
| ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| ) | |
| Liberty Mutual Insurance Company and ) | |
| Ryan Swanner, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiffs' Notice of Motion and Motion to Remand the case to the Court of Common Pleas for Fairfield County, South Carolina. (ECF No. 8.) Liberty Mutual Insurance Company ("Liberty") and Ryan Swanner ("Swanner") (collectively "Defendants") oppose Plaintiff's Motion and ask the court to retain jurisdiction. (ECF No. 15.) For the following reasons, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 8).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On or about November 6, 2019, Plaintiff filed a civil action for (1) breach of an insurance contract; (2) bad faith refusal to pay; (3) negligence; (4) breach of contract accompanied by fraudulent act; (5) South Carolina Unfair Trade Practices Act, (6) negligent misrepresentation; (7) breach of fiduciary relationship; and (8) intentional infliction of emotional distress in the Court of Common Pleas for Fairfield County, South Carolina as Case No. 2019-CP-20-00420. (ECF No. 1-2.) Plaintiff, a citizen of South Carolina, named Defendant Liberty, a corporation incorporated under the laws of and having its principle place of business in the Commonwealth of Massachusetts, and Swanner, a South Carolina citizen and then Liberty insurance adjuster, in the

lawsuit. (ECF No. 1 at 2, 4.) In her Complaint, Plaintiff alleges she purchased a homeowner's insurance policy online from Liberty. (ECF No. 1-2 at 1.) Thereafter, Plaintiff captured, on camera, third-party actors burglarize her home while Plaintiff was out of state. (*Id.* at 4-5.) Specifically, Plaintiff alleges she delivered to Swanner, in his capacity as an adjuster, the sole video capturing Plaintiff's home burglarized by third-party actors and the damages resulting therein. (*Id.*) Subsequently, Liberty dismissed Swanner as a client and allegedly misplaced or lost Plaintiff's file and video. (*Id.* at 5.) Plaintiff asserts that Liberty failed "to make payment pursuant to the Policy by the Defendant"; (*id.*) "benefits under the subject insurance policy have not been paid" (*Id.* at 9); and that "Plaintiff [. . .] suffered a pecuniary loss as a proximate result of reliance upon the representations by the Defendant to settle the claim." (*Id.*) Therefore, Plaintiff claims Liberty did not fully compensate her for her various losses she sustained from the burglary.

On December 10, 2019, Liberty timely filed a Notice of Removal, asserting that the court had jurisdiction over the matter under diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2-3.) Liberty asserts that Swanner was a fraudulently joined defendant "because there is no possibility of establishing a cause of action against Swanner . . . ." (*Id.* at 4.) Liberty, therefore, claimed Defendant Swanner is a "sham" defendant named solely for the purpose of defeating diversity jurisdiction. (*Id.* at 2-3.)

On January 10, 2020, Plaintiff filed her Memorandum in Support of Plaintiff's Motion to Remand, asserting that Swanner is not fraudulently joined, and therefore, remand is proper. (ECF No. 8-1 at 3.) Liberty, however, states in its Motion to Remand that Swanner owed no duty to Plaintiff since Swanner was not a party to the insurance contract (ECF No. 15 at 5-6), and even if a duty existed, Plaintiff failed to "connect the alleged acts and omissions of Swanner to any cause [of action] in denial of payments under the insurance policy." (*Id.* at 8.) Additionally, Liberty

2

asserts that because Plaintiff makes no allegations about Swanner's involvement with the misplacement of her video, neither harm nor duty nor breach is established and, as a result, no recovery is possible under a negligence theory of recovery. (*Id.* at 4-7.) Liberty further claims Plaintiff "fails to set forth conduct that is so extreme or outrageous and a proximate cause of Plaintiff's damages" to provide for recovery against Swanner on claims of intentional infliction of emotional distress. (ECF No. 15 at 10.)

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court when the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . ." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267).

The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Federal courts may exercise original diversity jurisdiction only when no plaintiff and no defendant are citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Because federal courts are courts of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins.*

*Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981).

If the district court determines at any time before entering final judgment that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court. 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within [thirty] days after the filing of the notice of removal under [28 U.S.C. § 1446(a)]." *Id.*

Although complete diversity is necessary for a federal court to exercise diversity jurisdiction, the fraudulent joinder doctrine permits a district court to "'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 461). For the exception to apply, the removing party must demonstrate "either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). To defeat fraudulent joinder, all the plaintiff needs to show is that there is a "glimmer of hope," *Mayes*, 198 F.3d at 466, or "'only a slight possibility of a right to relief.'" *Hughes v. Wells Fargo Bank, N.A.*, 617 F. App'x 261, 264 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 464). In assessing whether an attempted joinder is fraudulent, a court is not bound by the allegations of the complaint but can "consider the entire record[ ] and determine the basis of joinder by any means available." *Mayes*, 198 F.3d at 464.

Likewise, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id.; see Auto Ins. Agency, Inc.*, 525 F. Supp. at 1106.

### III.     ANALYSIS

A. *The Parties' Arguments*

In the instant case, Liberty does not allege that there was any "outright fraud" in Plaintiff's pleading of jurisdictional facts. *See Johnson*, 781 F.3d at 704. Instead, Liberty sets forth that "Plaintiff fails to present any viable claim under which recovery against [ ] Swanner is possible . . . ." (ECF No. 15 at 11.) Thus, the issue before the court is whether there is a "glimmer of hope" that Plaintiff could establish a cause of action against Swanner. For the reasons following, and construing the factual allegations in the light most favorable to Plaintiff, the court finds that Plaintiff has a glimmer of hope to succeed on her claims.

As an initial matter, Plaintiff and Swanner are both South Carolinians, so it appears that diversity of citizenship does not exist. (ECF No. 1-2 at 1.) Liberty, however, contends that this court may proceed unbothered by Swanner's citizenship for Plaintiff fraudulently joined Swanner as a defendant. (ECF No. 1 at 2.) Liberty bears the burden of proving this contention. *See Hartley*, 187 F.3d at 424. The aforementioned "glimmer of hope" of recovery, however, is enough to prevent removing parties from meeting their burden. (*Id.* at 426.) In her Complaint, Plaintiff asserts eight causes of action against Defendants.[1] (ECF No. 1-2.) Liberty primarily contends in

---

[1] Plaintiff filed a civil action for (1) breach of an insurance contract; (2) bad faith refusal to pay; (3) negligence; (4) breach of contract accompanied by fraudulent act; (5) South Carolina Unfair Trade Practices Act, (6) negligent misrepresentation; (7) breach of fiduciary relationship; and (8) intentional infliction of emotional distress against Defendants. (ECF No. 1-2) Plaintiff uses "Defendant" and "Defendants" interchangeably in her Complaint, sometimes implying causes

opposition to remand that none of Plaintiff's causes of action are viable against Swanner because there is "no possibility" of recovery on these claims. (*Id.* at 2.) Plaintiff, however, asserts that Swanner owed her an "affirmative duty" to protect her property and exercise due care. (ECF No. 8-1 at 4.) Moreover, Plaintiff alleges Swanner's failure to exercise due care is part and parcel to the "maltreatment" she received. (*Id.* at 5.) To that end, the court will evaluate Swanner's alleged affirmative duty as it pertains to Plaintiff's negligence claim.

B. *The Court's Review*

"'The Court must determine, as a matter of law, whether the law recognizes a particular duty. An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance.'" *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 655 (D.S.C. 2006) (quoting *Cowburn v. Leventis*, 619 S.E.2d 437, 451 (S.C. Ct. App. 2005)). Plaintiff alleges Swanner's request for the video and lists of damaged or missing items from her "implied[ ] promise[ ] to safeguard the property and ensure it would be maintained until it could be reviewed." (ECF No. 8-1 at 5.) Based on the record, the court finds that, with the benefit of discovery, there is "at least some possibility" that Plaintiff could establish her negligence claim against Swanner at trial. *Hartley*, 187 F.3d at 423. As such, the court examines Plaintiff's negligence cause of action as it pertains to Plaintiff's Motion to Remand (ECF No. 8).

The elements of a South Carolina negligence claim are "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citation omitted). Liberty contends Plaintiff cannot possibly hold Swanner

---

against both Defendants before requesting judgment against only one Defendant. (*E.g.*, *id.* at 12 ¶¶ 67–69.) As such, this court will only focus on the negligence cause of action since it charges both Liberty and Swanner.

liable for negligence. Liberty relies on *Charleston Dry Cleaners*, in which South Carolina's Supreme Court declined to hold that independent adjusters owe insureds a "general duty of due care" in their handling of first-party insurance claims. 586 S.E.2d at 588–89. Liberty also cites *Lawlor v. Scheper* to assert "that there first must be a duty owed to that third person" for Plaintiff to sustain a cause of action against Swanner. 101 S.E.2d 269, 271 (1957); (ECF No. 15 at 6.) Liberty contends that *Charleston Dry Cleaners* and *Lawlor* comport with various decisions beyond the Fourth Circuit suggesting adjusters owe no duty to the insured. (ECF No 15 at 6-7.) This is simply not true.

This court agrees with Liberty that the Supreme Court of South Carolina declined to recognize a duty of care from an independent adjuster to the insured, but in the instant case Swanner appears to have been employed as an in-house adjuster. *See Charleston Dry Cleaners,* 586 S.E.2d at 588-89; (ECF No. 8-1 at 2.) At least four times, this court has considered whether South Carolina precludes a plaintiff from suing in-house adjusters for negligence. *See Aye Aung v. GEICO*, No. 9:17-CV-856-PMD, 2017 WL 2416475 (D.S.C. June 5, 2017); *Price v. Allstate Ins. Co.*, No. 1:14-cv-4081-JMC, 2015 WL 4389335 (D.S.C. July 15, 2015); *Pohto v. Allstate Ins. Co.*, No. 6:10-cv-2654-JMC, 2011 WL 2670000 (D.S.C. July 7, 2011); *Addison v. Travelers Indem. Co. of Am.*, No. 1:09-cv-3086-MBS, 2010 WL 3258585 (D.S.C. Aug. 17, 2010). While the South Carolina Supreme Court has not intoned an exception per se, in each of the aforementioned cases, the court concluded there is at least a glimmer of hope to recover against in-house adjusters for negligence.

Plaintiff is correct in asserting that generally, "one may sue in negligence the master[,] or the [servant,] or both." (ECF No. 8-1 at 7.) This court has held that "a joint action on tort is maintainable against both a master and its servant, even though the master's liability may rely

7

entirely upon the principle of *respondeat superior*, and in those cases, the master and the servant are jointly and severally liable to the plaintiff." *See Sanders v. Morris Commc'ns Co., LLC*, No. CIV.1:06-1694-RBH, 2006 WL 3139080, at *4 (D.S.C. Oct. 31, 2006); *see also* 23 S.C. JUR. Agency § 80 (2011) ("Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tortfeasors in his action; and the injured party is not obliged to join both joint tortfeasors in his action, but he may sue either singly.").

Based on the record, the court finds that, with the benefit of discovery, there is "at least some possibility" that Plaintiff could establish her negligence claim against Swanner at trial. *Hartley*, 187 F.3d at 423. While this court cannot state whether Plaintiff has shown a great likelihood of eventual recovery from Swanner, she need not do so. The burden falls to Liberty to show that Plaintiff has no likelihood whatsoever of recovering from Swanner. *See, e.g.*, *Marshall v. Manville Sales Corp.*, 6 F.3d (229, 233 (4th Cir. 1993) ("The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor."). As such, the court cannot state that Plaintiff has "no chance of establishing the facts necessary to support [her] [negligence] claim [ ]." *Hartley*, 187 F.3d at 425. In so finding, the court is mindful that the fraudulent joinder standard is more favorable to Plaintiff than the Rule 12(b)(6) standard. The court is also mindful that any doubt as to jurisdiction should be resolved in favor of remand, which is necessary in this case.

## IV.     CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 8) and **REMANDS** this case to the Court of Common Pleas for Fairfield County, South Carolina, for

further proceedings. Furthermore, Liberty's remaining pending Motion to Dismiss (ECF No. 4) will be more properly considered by the Fairfield County Court of Common Pleas.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 15, 2020
Columbia, South Carolina